People v Lingo (2019 NY Slip Op 08269)





People v Lingo


2019 NY Slip Op 08269


Decided on November 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2019

Gische, J.P., Webber, Kern, Moulton, JJ.


10337 955/13

[*1] The People of the State of New York, Respondent,
v
Marlon Lingo, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Caitlin Glass of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jared Wolkowitz of counsel), for respondent.



Judgment, Supreme Court, New York County (James M. Burke, J.), rendered March 11, 2015, convicting defendant, upon his plea of guilty, of robbery in the first degree and attempted robbery in the first degree, and sentencing him to concurrent terms of seven years, unanimously affirmed.
The court properly denied defendant's suppression motion. The court properly determined that the People met their burden of proving, beyond a reasonable doubt, that defendant's statements to the police, made after receiving and waiving Miranda warnings, were voluntary under the totality of circumstances (see generally Arizona v Fulminante, 499 US 279, 285-288 [1991]; People v Anderson, 42 NY2d 35, 38-39 [1977]). There is no basis for disturbing the court's credibility determinations. Although defendant became sick during the questioning, he was taken to a hospital, and there is nothing to indicate that he remained in any distress when the interview resumed after he returned. Rather than isolating this 18-year-old defendant from his mother, the police permitted him to call her. There is no evidence of undue delay or deception in this regard, and defendant's assertion that his mother might have brought an attorney into the case had the phone call been made at some earlier point in the interview is speculative. A detective's passing reference, even if inaccurate, to the possibility that there might be incriminating physical evidence did not render defendant's statements inadmissible (see People v Tarsia, 50 NY2d 1, 11 [1980]). We have considered and rejected defendant's remaining arguments regarding the statements.
The court providently exercised its discretion when it denied youthful offender treatment, particularly because defendant violated various terms of a plea agreement under which he could have earned such treatment, along with a lenient
sentence (see e.g. People v Baptiste, 116 AD3d 588 [1st Dept 2014], lv denied 24 NY3d 1081 [2014]). We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 14, 2019
CLERK